NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ELENA REIMERS, USCIS A# 097 107 629,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; et al.,<br><br>Defendants-Appellees. | No.   22-35248<br><br>D.C. No. 2:20-cv-00459-RMP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted April 12, 2023
Seattle, Washington

Before:  McKEOWN, BYBEE, and DESAI, Circuit Judges.

Maria Reimers, a lawful permanent resident, appeals the district court's grant

of summary judgment in favor of the U.S. Citizenship and Immigration Services

("USCIS"), several of its employees, and the U.S. Attorney General (collectively,

"Defendants") in Ms. Reimers's action under 8 U.S.C. § 1421(c) challenging

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

USCIS's denial of her application for naturalization. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's grant of summary judgment. *See Park v. Barr*, 946 F.3d 1096, 1097 (9th Cir. 2020). We affirm.

1.      Ms. Reimers first challenges the district court's holding that she is ineligible for naturalization. To qualify for naturalization, an applicant must establish that "during the five years immediately preceding the date of filing [the] application," she "has been and still is a person of good moral character." 8 U.S.C. § 1427(a). But an applicant is precluded from establishing good moral character if she violated the Controlled Substances Act ("CSA"). 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(II); 8 C.F.R. § 316.10(b)(2)(iv). A violation of the CSA is "a per se bar to naturalization." *Hussein v. Barrett*, 820 F.3d 1083, 1088 (9th Cir. 2016).

Ms. Reimers admitted to operating a marijuana business. Even though Ms. Reimers's business is licensed under Washington law, it nevertheless constitutes a violation of the CSA. *See* 21 U.S.C. § 812, Schedule I(c)(10) (designating marijuana as a controlled substance). And, even though Ms. Reimers may otherwise be eligible to naturalize, her operation of a licensed marijuana business categorically precludes her from qualifying for naturalization.

We therefore affirm the district court's grant of summary judgment.[1]

---

[1]      Ms. Reimers also argues that the district court erred by granting summary judgment because she was entitled to a full evidentiary hearing under 8 U.S.C. §

2.     Ms. Reimers also challenges the constitutionality of the "good moral character" statutory bar. Her Commerce Clause, Supremacy Clause, and Tenth Amendment arguments are foreclosed by Supreme Court precedent. In *Gonzales v. Raich*, 545 U.S. 1 (2005), the Supreme Court held that the CSA's criminalization of purely intrastate manufacture, distribution, or possession of marijuana was a proper exercise of Congress' Commerce Clause authority. *Id.* at 25–26. And *Gonzales* held that the CSA preempts state marijuana laws. *Id.* at 29. The Court has also held that when Congress acts under one of its enumerated powers, there is no Tenth Amendment violation. *New York v. United States*, 505 U.S. 144, 156–57 (1992); *United States v. Mikhel*, 889 F.3d 1003, 1024 (9th Cir. 2018) ("'[I]f Congress acts under one of its enumerated powers' . . . then 'there can be no violation of the Tenth Amendment.'") (quoting *United States v. Jones*, 231 F.3d 508, 515 (9th Cir. 2000)).

Ms. Reimers's equal protection claim also fails. She contends that she is treated differently than **citizen** marijuana business owners, but Ms. Reimers is not a citizen and, moreover, the naturalization statutes do not apply to citizens. Ms. Reimers has not shown that Defendants treated similarly situated individuals—other

1421(c). Even if we assume—without deciding—that § 1421(c) entitled Ms. Reimers to a full hearing, she cross-moved for summary judgment, and thus relinquished any right to a full hearing. *Cf. In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010); *Johnson v. I.N.S.*, 971 F.2d 340, 343–44 (9th Cir. 1992) (holding that the invited error doctrine precluded a litigant from challenging the admissibility of a document on appeal when her own lawyer introduced the document below).

non-citizen marijuana business owners—differently under the naturalization statutes. *See United States v. Quintero*, 995 F.3d 1044, 1057 (9th Cir. 2021) (rejecting equal protection claim because two groups were "not comparable for equal protection purposes" and the government had "different interests" related to each group).

We thus affirm the district court's grant of summary judgment in Defendants' favor on Ms. Reimers's constitutional challenges.

**AFFIRMED.**